1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,               2:14-MC-00024-KJM-KJN

12            Plaintiff,

13       v.                                   CONSENT JUDGMENT OF
                                              FORFEITURE
14   APPROXIMATELY $84,102.21 SEIZED
     FROM SAFE CREDIT UNION ACCOUNT
15   NUMBER 468871, HELD IN THE NAME
     OF POTHONG MARKET,
16
     APPROXIMATELY $28,353.38 SEIZED
17   FROM SAFE CREDIT UNION ACCOUNT
     NUMBER 438814, HELD IN THE NAME
18   OF BOUNMEE KANTHATHIN, and

19   APPROXIMATELY $19,900.00 SEIZED
     FROM SAFE CREDIT UNION ACCOUNT
20   NUMBER 462905, HELD IN THE NAME
     OF LIANNE KANTHATHIN,
21
              Defendants.
22

23       Pursuant to the Stipulation for Consent Judgment of Forfeiture, the court finds:

24       1.    On September 13, 2013, agents with the Internal Revenue Service –

25   Criminal Investigation ("IRS-CI") executed a Federal seizure warrant at Safe Credit

26   Union at 3720 Madison Avenue, North Highlands, California.  The agents seized

27   Approximately $84,102.21 from Safe Credit Union account number 468871, held in the

28

                                        1

name of Pothong Market; Approximately $28,353.38 from Safe Credit Union account number 438814, held in the name of Bounmee Kanthathin; and Approximately $19,900.00 from Safe Credit Union account number 462905, held in the name of Lianne Kanthathin (hereafter the "defendant funds").

2.      The IRS-CI commenced administrative forfeiture proceedings, sending direct notice to all known potential claimants and publishing notice to all others.  On or about November 14, 2013, the IRS-CI received a claim from Lianne Kanthathin asserting an ownership interest in the defendant funds.

3.      The United States represents that it could show at a forfeiture trial that from April 2, 2013 to June 24, 2013, Bounmee Kanthathin and Lianne Kanthathin or another person acting for their benefit, structured transactions by breaking up currency deposits to the Safe Credit Union Account Number 468871, held in the name of Pothong Market, Safe Credit Union Account Number 438814, held in the name of Bounmee Kanthathin, and Safe Credit Union Account Number 462905, held in the name of Lianne Kanthathin.  The defendant funds were allegedly used to structure currency deposit transactions by breaking them into amounts at or below $10,000.00 to avoid the currency transaction requirement in violation of 31 U.S.C. § 5324(a)(3).

4.      The United States could further show at a forfeiture trial that the defendant funds are forfeitable to the United States pursuant to 18 U.S.C. § 984 and 31 U.S.C. § 5317(c)(2), incorporating the procedures governing civil forfeiture actions pursuant to 18 U.S.C. § 981.

5.      Without admitting the truth of the factual assertions contained above, Bounmee Kanthathin and Lianne Kanthathin specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, Bounmee Kanthathin and Lianne Kanthathin agree that an adequate factual basis exists to support forfeiture of the defendant funds.  Bounmee Kanthathin and Lianne Kanthathin hereby acknowledge that they are the sole owners of the defendant funds and that no other person or entity has any legitimate claim of interest therein.  Should any person or

2

entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant funds, Bounmee Kanthathin and Lianne Kanthathin shall hold harmless and indemnify the United States, as set forth below.

6.      This court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

7.      This court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant funds were seized.

8.      The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the court, it is hereby ORDERED AND ADJUDGED:

9.      The court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

10.      Upon entry of this Consent Judgment of Forfeiture, Approximately $84,102.21 seized from Safe Credit Union account number 468871, held in the name of Pothong Market and $21,782.26 of the Approximately $28,353.38 seized from Safe Credit Union account number 438814, held in the name of Bounmee Kanthathin, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 18 U.S.C. § 984 and 31 U.S.C. § 5317(c)(2), incorporating the procedures governing civil forfeiture actions pursuant to 18 U.S.C. § 981, to be disposed of according to law.

11.      Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $6,571.12 of the Approximately $28,353.38 seized from Safe Credit Union account number 438814, held in the name of Bounmee Kanthathin and Approximately $19,900.00 seized from Safe Credit Union account number 462905, held in the name of Lianne Kanthathin, shall be returned to potential claimants Bounmee Kanthathin and Lianne Kanthathin through their attorney Mark J. Reichel.

1      12.     The United States of America and its servants, agents, and employees and

2   all other public entities, their servants, agents and employees, are released from any and

3   all liability arising out of or in any way connected with the seizure or forfeiture of the

4   defendant funds.  This is a full and final release applying to all unknown and

5   unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as

6   to those now known or disclosed.  Bounmee Kanthathin and Lianne Kanthathin waived

7   the provisions of California Civil Code § 1542.

8      13.     No portion of the stipulated settlement, including statements or admissions

9   made therein, shall be admissible in any criminal action pursuant to Rules 408 and

10   410(a)(4) of the Federal Rules of Evidence.

11      14.     All parties will bear their own costs and attorney's fees.

12      15.     Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein,

13   the court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that

14   there was reasonable cause for the seizure of the above-described defendant funds.

15      IT IS SO ORDERED.

16   DATED:  June 30, 2014.

17

18   _____
     UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28

4